UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>           Petitioner,<br><br>   v.<br><br>CDCR, et al.,<br><br>           Respondents. | No. 1:23-cv-00064-ADA-SKO (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION**<br><br>**ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH BLANK HABEAS CORPUS FORMS**<br><br>**[THIRTY DAY DEADLINE]** |

      Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He commenced this action on December 23, 2022, by filing a Kern Valley State Prison "Canteen Order Form" in the United States District Court for the Northern District of California. (Doc. 1.) He then filed a civil rights complaint on January 11, 2023. (Doc. 5.) On January 13, 2023, the District Court for the Northern District transferred the case to the Eastern District because Petitioner is incarcerated in Kern County. (Doc. 7.) Since Petitioner had filed a civil rights complaint, the case was determined to be a civil rights action and assigned to Magistrate Judge Gary Austin.

      On September 8, 2023, Magistrate Judge Austin redesignated the action as a habeas case because Petitioner appeared to challenge the duration of his confinement, and the case was reassigned to the undersigned. (Doc. 34.) This Court has reviewed the petition and finds it to be

1

illegible and nonsensical, and the Court cannot ascertain Petitioner's claims.  Therefore, the petition will be dismissed with leave to file a First Amended Petition.

## DISCUSSION

A.     <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).

B.     <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

Furthermore, to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Additionally, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the

petition:

    (1)    Specify all the grounds for relief available to the petitioner;
    (2)    State the facts supporting each ground;
    (3)    State the relief requested;
    (4)    Be printed, typewritten, or legibly handwritten; and
    (5)    Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is deficient. First, it is illegible and does not make sense. Petitioner has written in all of the margins, sometimes vertically on the page, to the point where it is impossible to follow. He has placed fingerprints on every page obscuring his handwriting. He has added lines in addition to the space provided for his answer by writing within the form's questions, further adding to the confusion. Second, Petitioner fails to clearly specify his grounds for relief, the facts supporting his grounds, and the relief requested. Third, he has used a form complaint for a civil rights action. Petitioner, however, appears to be seeking habeas relief and the civil rights form is inapplicable. For the foregoing reasons, Petitioner will be directed to file a First Amended Petition utilizing the correct form.

C.    <u>Failure to Name a Proper Respondent</u>

Petitioner names several entities and individuals as Respondents, including: "CDCR, KVSP, M. Melendrez, CCRA, E. Oseguera, and CCI." A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. <u>See</u> Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u> <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd

Cir. 1976). Petitioner is directed to name a proper respondent in his First Amended Petition.

For the foregoing reasons, the petition must be dismissed. Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim and failure to name a proper respondent;

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a First Amended Petition; and

3) The Clerk of Court is DIRECTED to provide Petitioner with a blank habeas corpus form.

IT IS SO ORDERED.

Dated:   **September 11, 2023**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE