UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CDCR, et al.,<br><br>　　　　Respondents. | No. 1:23-cv-00064-ADA-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**<br><br>**[FOURTEEN DAY DEADLINE]** |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He commenced this action on December 23, 2022, by filing a Kern Valley State Prison "Canteen Order Form" in the United States District Court for the Northern District of California. (Doc. 1.) Petitioner then filed a civil rights complaint on January 11, 2023. (Doc. 5.) On January 13, 2023, the District Court for the Northern District transferred the case to the Eastern District because Petitioner is incarcerated in Kern County. (Doc. 7.) Since Petitioner had filed a civil rights complaint, the case was determined to be a civil rights action and assigned to Magistrate Judge Gary Austin.

　　　　On September 8, 2023, Magistrate Judge Austin redesignated the action as a habeas case because Petitioner appeared to challenge the duration of his confinement, and the case was reassigned to the undersigned. (Doc. 34.) The Court reviewed the petition and found it to be

1

illegible and difficult to understand. The Court dismissed the petition with leave to file a first amended petition. On October 18, 2023, Petitioner filed a document in response to the Court's order. (Doc. 36.) The document, insofar as it purports to be a first amended petition, suffers from the same deficiencies. Therefore, the Court will recommend the petition be dismissed without leave to amend.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.     Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

2

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

(1) Specify all the grounds for relief available to the petitioner;
(2) State the facts supporting each ground;
(3) State the relief requested;
(4) Be printed, typewritten, or legibly handwritten; and
(5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is illegible and difficult to understand. Like his original petition, Petitioner has written in all of the margins, sometimes vertically on the page, to the point where it is impossible to follow. He has placed fingerprints on every page obscuring his handwriting. Second, Petitioner fails to clearly specify his grounds for relief, the facts supporting his grounds, and the relief requested. Petitioner's writings are completely nonsensical. Third, Petitioner did not use the blank § 2254 form provided by the Clerk of Court as instructed by the Court. For the foregoing reasons, the Court will recommend the petition be dismissed. Because Petitioner has already been granted an opportunity to amend and cure the deficiencies but failed to do so, the Court will recommend the dismissal be without leave to amend.

**RECOMMENDATION**

Based on the foregoing, the Court recommends that the amended petition be DISMISSED without leave to amend.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after service of the proposed Findings and Recommendation, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 19, 2023**                    /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE