# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COTTRELL BROADNAX,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CDCR, et al.,<br><br>　　　　Respondents. | Case No.  1:23-cv-00064-NODJ-SKO (HC)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. 42] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On January 4, 2024, the Court denied Petitioner's motion for appointment of counsel. (Doc. 41.)  On January 9, 2024, Petitioner renewed his request for the appointment of counsel. (Doc. 42.) As previously stated, there exists no absolute right to appointment of counsel in habeas proceedings.  See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel.  Petitioner is clearly able to litigate his case based on his numerous filings; however, he refuses to comply with the Court's instructions on the general format of pleadings.  He persists in writing both vertically and

horizontally across his papers, writing in the margins, obscuring his documents with thumbprints, and failing to print legibly. See Rule 2 of the Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 10, 2024**                         /s/ *Sheila K. Oberto*
                                                                            UNITED STATES MAGISTRATE JUDGE